Filed 4/18/25  P. v. Simms CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100250 |
| Plaintiff and Respondent, | (Super. Ct. No. 93F04222) |
| v. | |
| LAMAR SIMMS, | |
| Defendant and Appellant. | |

Defendant Lamar Simms appeals the trial court's denial of his petition for resentencing under Penal Code section 1172.6.[1]  Appointed counsel filed a brief requesting our independent review under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and *People v. Wende* (1979) 25 Cal.3d 436.  Separately, Simms filed a supplemental brief contending that:  (1) the trial court committed prejudicial error in failing to consider his youth at the time of the crime; (2) defense counsel rendered

---

[1]  Undesignated statutory references are to the Penal Code.

1

ineffective assistance in failing to raise Simms's youth at the hearing; and (3) the trial court failed to apply the required beyond a reasonable doubt standard of proof. We affirm.

BACKGROUND

An amended information filed in 1993 charged Simms and codefendant Damian Mitchell with the murder of R.J. (§ 187, subd. (a); count one). It alleged that Mitchell personally used a 12-gauge shotgun (§ 12022.5, subd. (a)) and that Simms was a principal in the offense in which one or more principals was armed with a firearm (§ 12022, subd. (a)). The information further alleged that Simms assaulted R.J. with a 12-gauge shotgun (§ 245, subd. (a)(2); count two) and that Simms personally used the firearm in the assault (§ 12022.5, subd. (a).)

The facts of the underlying offense are described in our prior appellate opinions, which we cite only to summarize the background of this case. (*People v. Simms* (Mar. 10, 2022, C092723) [nonpub. opn.]; *People v. Simms* (Feb. 9, 1996, C017594) [nonpub. opn.].) R.J. and Simms were involved in a dispute. Simms paged Mitchell and entered the codes "911" for emergency and "187" for murder. Simms took a 12-gauge shotgun from the trunk of his car and waited for Mitchell to arrive. Simms pumped and primed the weapon to verify that it was loaded. When Mitchell arrived, he asked, " ' "[W]ho's [R.J.]?" ' " Simms and R.J. began arguing again, and the argument escalated into a physical altercation. R.J. stabbed Simms in the chest, and Simms dropped the shotgun. Mitchell picked up the shotgun and pointed it at R.J. As R.J. backed away with his hands up, Simms told R.J. to " ' "kiss his momma good-bye." ' " Mitchell fired once, striking R.J. in the upper chest and neck. R.J. died at the scene.

The jury found Simms guilty on both counts and found both enhancements true. The trial court sentenced him to 15 years to life plus one year consecutive for the section 12022, subdivision (a) enhancement. This court affirmed the conviction on direct appeal. (*People v. Simms*, *supra*, C092723.)

2

In 2019, Simms filed a petition under what is now section 1172.6 to have his murder conviction vacated and to be resentenced. (*People v. Simms*, *supra*, C092723.) The trial court denied the petition at the prima facie stage. We reversed the order and remanded to the trial court with directions to issue an order to show cause and to hold an evidentiary hearing. (*Ibid.*)

On remand, the trial court issued an order to show cause, received briefs from the parties, and conducted an evidentiary hearing at which Simms called Mitchell as a witness. The court also admitted the People's exhibit, which contained the clerk's and reporter's transcripts from Simms's original trial.

After the parties submitted posthearing briefs, the trial court conducted a further hearing and issued a written order denying the petition. Based on its review of the People's exhibit and the testimony at the hearing, the court found Simms "guilty, beyond a reasonable doubt, as an aider and abettor of the express or implied malice murder" of R.J. It thus denied his petition for resentencing.

Simms timely appealed.

DISCUSSION

I.

Simms's appointed counsel filed a brief asking this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232; *People v. Wende*, *supra*, 25 Cal.3d 436.) Counsel and this court advised Simms of his right to file a supplemental brief within 30 days after the opening brief was filed. Simms filed a supplemental brief.

In *Wende*, our state Supreme Court held that an appellate court must review the entire record in direct appeals where appointed counsel submits a brief raising no specific issues or describing the appeal as frivolous. (*Delgadillo*, *supra*, 14 Cal.5th at p. 221.) This procedure applies "to the first appeal as of right and is compelled by the

3

constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid.*)

In *Delgadillo*, our state Supreme Court held that the *Wende* procedure does not apply to a trial court's order denying a petition for postconviction relief under section 1172.6. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 221-222.) In such cases, when a defendant files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.) The court is not required to conduct an "independent review of the entire record to identify unraised issues," although it has discretion to do so. (*Ibid.*)

Appointed counsel argues that *Delgadillo*'s limitations do not apply here because, unlike in *Delgadillo*, the trial court in this case denied Simms's petition after issuing an order to show cause and conducting an evidentiary hearing. Counsel points out that defendants have a constitutional right to appointed counsel in habeas corpus and coram nobis proceedings if they establish a prima facie case for relief. (*Delgadillo*, *supra*, 14 Cal.5th at p. 228.) Discussing *People v. Shipman* (1965) 62 Cal.2d 226, 232, *Delgadillo* explained that "when 'an indigent petitioner has stated facts sufficient to satisfy the court that a hearing is required, his claim can no longer be treated as frivolous and he is entitled to have counsel appointed to represent him.' " (*Delgadillo*, at p. 228.) But *Delgadillo* also made clear that the state high court's "*Shipman* precedents have never extended the right to counsel to an appeal from a ruling in an ameliorative legislative scheme." (*Ibid.*) Because section 1172.6 is an ameliorative scheme, *Wende*'s independent review procedures do not apply.

## II.

Turning to the issues raised in Simms's supplemental brief, we first consider his contention that the trial court erred in failing to consider his youth at the resentencing hearing. Simms was 18 years old at the time of the crime. He relies on *People v. Pittman* (2023) 96 Cal.App.5th 400, 417, which held that youth is relevant to determining whether

4

a defendant formed the requisite mental state for implied malice murder. *Pittman* explained that "[r]ecent appellate cases have concluded nearly uniformly that a defendant's youth—defined, roughly, as being 25 years of age and younger—is a factor within the totality of circumstances relevant to the requisite mental state for felony murder." (*Id.* at p. 416.) The court reasoned that "[t]he policy interests underlying the felony-murder cases—that youth is relevant to a criminal defendant's ability to perceive risk and consequences, and therefore to the level of culpability—apply equally in the context of implied malice murder." (*Id.* at p. 417.) That is because "the implied malice mental state—conscious disregard for human life [citation]—is similar to the 'reckless indifference to human life' standard applicable to felony murder. [Citation.] Indeed, the concept of reckless indifference to human life has a subjective component that expressly incorporates the 'conscious[] disregard' of ' "the significant risk of death [the defendant's] actions create." ' " (*Ibid.*) In light of these similarities, the court saw "no reason not to apply the principle articulated in the felony-murder cases" to a case of implied malice murder. (*Ibid.*; see also *People v. Jimenez* (2024) 103 Cal.App.5th 994, 1005 [noting California cases that "require consideration of a young adult offender's age in resentencing petitions involving implied malice murder convictions"].)

In this case, the trial court found Simms guilty, beyond a reasonable doubt, not only as an aider and abettor of implied malice murder but also as an aider and abettor of *express* malice murder. Indeed, the court's ruling and analysis principally focused on express malice murder, finding that Simms had "articulated his intent to kill [R.J.] by calling [his] residence two days before the shooting" and "then directed Mitchell to his location with the express purpose of murdering" R.J. Simms offers no argument for extending the rationale of *Pittman* to express malice murder, which requires not merely knowledge that a perpetrator's acts are dangerous to human life and conscious disregard of human life but a specific intent to kill. (Compare *People v. Powell* (2021) 63 Cal.App.5th 689, 713 with *People v. Johnson* (2016) 62 Cal.4th 600, 640-641.)

5

Accordingly, even if the court erred in failing to consider Simms's youth when determining whether he was guilty of aiding and abetting implied malice murder, that error was harmless given the court's separate finding that he was guilty under an express malice theory. In light of this conclusion, we need not address Simms's additional contention that his attorney rendered prejudicially ineffective assistance of counsel by failing to raise the issue of his youth at the section 1172.6 evidentiary hearing.

Finally, we reject Simms's claim that the trial court failed to hold the People to their burden of proving his guilt beyond a reasonable doubt. Under section 1172.6, subdivision (d)(3), at the hearing after the trial court issues an order to show cause, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the [petitioning defendant] is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." "A finding that there is substantial evidence to support a conviction for murder . . . is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Ibid.*)

Simms maintains that the trial court applied only a substantial evidence standard when evaluating the evidence before it. A reviewing court, however, presumes the trial court was aware of, and followed, governing law in rendering its decision. (See, e.g., *People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 398; *People v. Thomas* (2011) 52 Cal.4th 336, 361.) We see nothing in the trial court's ruling that would rebut this presumption. To the contrary, the record affirmatively demonstrates that the court knew and applied the proper standard. The parties' arguments to the trial court explicitly invoked the beyond a reasonable doubt standard. The court's ruling expressly cited that standard, acknowledged that the substantial evidence standard does not apply, and found "that the evidence demonstrates, beyond a reasonable doubt, that [Simms] is guilty" of murder. Accordingly, even without the customary presumption, the record establishes that the trial court applied the beyond a reasonable doubt standard of proof in deciding

6

Simms's section 1172.6 petition.  (See *People v. Cody* (2023) 92 Cal.App.5th 87, 110 ["when we consider the transcript as a whole, particularly the court's explicit final ruling, we find that the trial court applied the correct beyond a reasonable doubt burden of proof"]; *People v. Oliver* (2023) 90 Cal.App.5th 466, 481, fn. 6.)

DISPOSITION

The order denying Simms's petition is affirmed.


    /s/
FEINBERG, J.


We concur:


    /s/
EARL, P. J.


    /s/
BOULWARE EURIE, J.